W. Wallace Ogdahl (OSB # 742386)
515 High Street, SE
PO Box 2248
Salem, OR 97308
(503) 399-9511
wogdahl@yahoo.com

*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT FOR
## DISTRICT OF OREGON
## MEDFORD DIVISION

DANIELLE M. LINHART, as Personal        :
Representative of the Estate of Kelly Jim Linhart,  :
                                        :
      Plaintiff,                        :
                                        :
                                        :
   -vs.-                              :
                                        :
                                        :
HEYL TRUCK LINES, INC. and HEYL         :
LOGISTICS, LLC; NESTLE WATERS           :
NORTH AMERICA, INC.; FORREST JOHN       :
RANGELOFF aka FOREST JOHN               :
RANGELOFF individually and dba RANGE-IT  :
EXPRESS and RANGE TRANSPORTATION,       :
INC.; ERIC RANGELOFF individually and dba  :
SEATTLE TRANSLOAD, INC. and             :
WASHINGTON TRANSPORTATION, INC.;        :
RONALD BROWNE individually and dba I & J  :
TRANSPORTATION SERVICES and             :
I & J SYSTEMS, INC.; and DANIEL         :
CLARENCE CLAREY,                        :

      Defendants.

No. 10- 10-3100 -CC

Honorable

**COMPLAINT**

**A JURY TRIAL
IS DEMANDED.**

Pursuant to the Federal Rules of Civil Procedure, and the local rules of court for the

District of Oregon, Plaintiff Danielle M. Linhart, individually and as the Personal Representative

of the Estate of Kelly Jim Linhart (the "Linhart Estate"), files this complaint.



## OVERVIEW

1.      Tractor trailer driver Kelly Jim Linhart performed a safety stop of his truck on I-5

and was properly on the shoulder of the road . A 39 ton tractor trailer driven by Daniel Clarey

swerved off the road into Linhart's truck, then ran over Linhart and killed him. At the time:

> a.  Clarey was driving under the influence of methamphetamines. He was fidgety
>     and excessively talkative with glassy, droopy eyes.
> b.  Clarey was in possession of methamphetamines.
> c.  Both Clarey and the truck he was driving were illegal to be on the road (out of
>     service) for at least six different federal regulatory and statutory violations.
> d.  Neither of Clarey's front brakes worked at all.
> e.  Clarey had two log books, both of which were false.
> f.  There was forged insurance information in the truck.
> g.  Witnesses described Clarey driving over the 65MPH speed limit.
> h.  Clarey was arrested for criminally negligent homicide, possessing
>     methamphetamines and driving under the influence of a controlled substance.

## PARTIES

### A.    Plaintiff

2.      Danielle M. Linhart is the daughter of Kelly Jim Linhart, deceased.  The Probate

Court in Benton County, Oregon, the county that Mr. Linhart resided in at the time of his death,

appointed Ms. Linhart the Personal Representative of the Estate of Kelly Jim Linhart.   Mr.

Linhart was a citizen of the state of Oregon.

3.      Mr. Linhart is survived by four children: Danielle M. Linhart, Kenneth Linhart,

Timothy Linhart and Tinsa Staples.

### B.    Defendants

4.      Defendant Heyl Truck Lines, Inc. is a corporation with its headquarters at 220

Norka Drive, Akron, Iowa 51001.  Heyl Truck Lines, Inc. is a citizen of Iowa.  Defendant Heyl

Logistics, LLC (together with Heyl Truck Lines, Inc., "Heyl Truck") is a corporation with its

2

headquarters at 1809 North Louise Drive, Sioux Falls, South Dakota 57107.  Heyl Logistics, LLC is a citizen of South Dakota.

5.      Defendant Nestle Waters North America, Inc. is a corporation with its headquarters at 777 West Putnam Avenue, Greenwich, Connecticut 06830, and it was incorporated in Florida.  Nestle is a citizen of Connecticut or Florida.

6.      Defendant Forrest John Rangeloff aka Forest John Rangeloff is an adult individual who resides at 2370 Bullard Avenue, Los Angeles, California 90032.  Mr. Rangeloff is a citizen of the state of California.   He is affiliated with the Range Entities, as defined below.

7.      Defendant truck companies Range-It Express and Range Transportation, Inc. (the "Range Entities") are headquartered at 303 West Artesia Boulevard, Compton, California 90220 and/or 109 West 134th Street, Los Angeles, California 90061.  The Range Entities are citizens of the state of California.

8.      Defendant Eric Rangeloff is an adult individual who resides in Seattle, Washington and receives mail at 3233 16th Ave SW, Seattle, Washington 98134.  Eric Rangeloff is a citizen of the state of Washington.   He is the twin brother of Forrest Rangeloff and is affiliated with Seattle Transload, as defined below.

9.      Seattle Transload Inc. fka or dba Washington Transportation Inc. lists its corporate address as 620 South Othello Street, Seattle, Washington 98018 and 3629 Duwamish Ave SO, Seattle, Washington 98134.  Seattle Transload is a citizen of the state of Washington.

10.     Defendant Ronald Browne is an adult individual who resides at 3804 Northstar Drive, Lake Havasu City, Arizona 86406.  Browne is a citizen of the state of Arizona.  He is president and owner of the I & J Entities, as defined below.

11.     I & J Transportation Services and I & J Systems, Inc. (the "I & J Entities") are corporations with headquarters in Arizona.  Addresses listed for these entities include 2935 Maricopa Avenue, Suite 175, Lake Havasu City, Arizona 86404 and 3269 Maricopa Avenue, Lake Havasu City, Arizona 86406.  The I & J Entities are citizens of the state of Arizona.

12.     Defendant Daniel Clarence Clarey ("Clarey" or the "defendant driver") is an adult individual who resides at 364 East Harding Road, Long Beach, California 90805 c/o Community Justice Transition Center, 5505 S. Pacific Highway, Phoenix, Oregon 97535.  Clarey is a citizen of the state of California.

## STATEMENT OF JURISDICTION

13.     This case is brought under 28 U.S.C. §1332(a)(1), based upon diversity of citizenship.  Because Plaintiff is a citizen of Oregon, Defendants are all citizens of other States, and the amount in controversy (exclusive of interest and costs) exceeds $75,000.00, diversity jurisdiction exists in this Honorable Court.

## BACKGROUND FACTS

14.     On September 25, 2008, Mr. Linhart was safely driving a semi tractor trailer northbound on I-5 from California returning to Oregon.

15.     Around milepost 4.2 on I-5, in the Siskiyou Mountains in Oregon, Mr. Linhart pulled off the road to the right to check his brakes.

16.     At the same time, Clarey was also driving a semi tractor trailer northbound on I-5 near milepost 4.2, when Clarey drove off the roadway to the right, crashing into Mr. Linhart and his semi tractor trailer.  Mr. Linhart was dragged under Clarey's semi tractor and trailer, resulting in devastating injuries and death.

4

17.    Clarey's actions constitute criminally negligent homicide (ORS 163.145 violation), driving under the influence of a controlled substance (ORS 813.010 violation) and unlawful possession of methamphetamine (ORS 475.894 violation), all of which he was arrested for by the Jackson County Sheriff's Department.

18.    Motor carrier enforcement officers at the scene cited, and Defendants violated, numerous federal regulations, including:

      a.  49 C.F.R. § 393.48(a) for having an inoperative left steering axle brake (brake linings fails to contact brake drum upon brake application);*

      b.  49 C.F.R. § 393.48(a) for having an inoperative right steering axle brake (brake linings fail to contact brake drum upon brake application);*

      c.  49 C.F.R. § 393.53(b) for having defective automatic brake adjusters on the air brake system for left and right steering axle brakes;

      d.  49 C.F.R. § 390.21(a) for failure to display the carrier name and United States Department of Transportation number on both sides of the vehicle;

      e.  49 C.F.R. § 395.8(e) for having two false logs for September 24, 2008 (the first log shows leaving Los Angeles at 2p.m., the second log shows Los Angeles from 6pm to 8:30p.m. and the shipping information shows leaving Los Angeles at 6:45p.m.);*

      f.  49 C.F.R. § 395.8(e) for having a false log for September 25, 2008 (the log shows arriving in Corning, California at 1:30p.m. but the ProMiles calculation shows approximate arrival time at 5:17a.m.);*

      g.  49 C.F.R. § 392.4(a) because the driver on duty was under the influence of a narcotic drug which renders the driver incapable of safe operation;*

      h.  49 C.F.R. § 392.4(a) because the driver on duty was in possession of a narcotic duty;* and

      i.  49 C.F.R. § 393.45(e) for having an air leak at emergency glad hand connection to the trailer.[1]

---

[1]    Motor carrier enforcement officers made a separate "out of service" finding for each one of the asterisked violations listed above.

## FIRST CAUSE OF ACTION
### Negligence/Wrongful Death
*Defendant Clarey*

19.     Plaintiff incorporates all facts and allegations above into this cause of action by reference.

20.     Clarey, among other things, operated a tractor trailer in an unsafe condition; drove under the influence of methamphetamine; fell asleep while driving a fully-loaded semi-truck; drove at a speed that was too fast for the conditions; moved his vehicle to the right, driving off the roadway when the movement could not be made with reasonable safety and/or failed to give an appropriate signal; drove more than prescribed time periods; and failed to maintain control of his semi tractor-trailer; and, consequently, he crashed into Mr. Linhart and Mr. Linhart's parked semi tractor-trailer.

21.     Clarey was negligent and reckless because he breached his duties to drive the tractor trailer in a safe and reasonable manner under the circumstances.

22.     As a direct and proximate result of Clarey's negligence and recklessness, Mr. Linhart suffered fatal injuries.

23.     As a direct and proximate result of Clarey's negligence and recklessness, Ms. Linhart's estate has experienced substantial pecuniary loss, including the loss of Mr. Linhart's substantial income and funeral, memorial and burial expenses, and suffered significant suffering and emotional trauma, including loss of the society, companionship and services of Mr. Linhart.

6

## SECOND CAUSE OF ACTION
### Negligence *per se*
*Defendant Clarey*

24.    Plaintiffs incorporate all allegations and causes of action above into this cause of

action by reference.

25.    Clarey violated numerous state and federal statutes and regulations including, but

not limited to, ORS §§ 811.005-811.748 and 49 CFR §§350-399.  Specific violations include:

- falling asleep while driving a fully loaded semi-truck, traveling at a speed that was not reasonable and prudent for the conditions then and there existing and driving on a highway in a manner that endangers or would be likely to endanger any person or property in violation of ORS 811.135;
- recklessly driving on a highway in a manner that endangers the safety of persons or property in violation of ORS 811.140;
- driving off the roadway when the movement could not be made with reasonable safety and/or failing to give an appropriate signal continuously during not less than the first 100 feet traveled before turning all in violation of ORS 811.335;
- operating his semi-truck on a roadway that is marked into two or more clearly marked lanes for traffic and he did not operate his semi-truck as nearly as practicable entirely within a single lane and he did not refrain from moving from that lane until he had first made certain that the movement could be made with safety in violation of ORS 811.370;
- operating a semi-truck on a highway and then changing lanes by moving right on the highway when the movement could not be made with reasonable safety and/or failing to give an appropriate signal continuously during not less than the last 100 feet traveled before changing lanes in violation of ORS 811.375;
- driving under the influence of intoxicants by driving a vehicle (semi-truck) while under the influence of a controlled substance in violation of ORS 813.010;
- driving more than 11 consecutive hours and driving more than 14 hours from when he last slept 10 hours from September 24, 2008 until he ran over Mr. Linhart at 3:35 p.m., on September 25, 2008 in violation of 49 CFR § 395.3(a)(1) and 49 CFR § 395.3(a)(2);
- for having an inoperative left steering axle brake (brake linings fails to contact brake drum upon brake application) in violation of49 C.F.R. § 393.48(a)  ;
- for having an inoperative right steering axle brake (brake linings fail to contact brake drum upon brake application) in violation of  49 C.F.R. § 393.48(a);
- for having defective automatic brake adjusters on the air brake system for left and right steering axle brakes in violation of 49 C.F.R. § 393.53(b);
- for failure to display the carrier name and United States Department of Transportation number on both sides of the vehicle in violation of  49 C.F.R. § 390.21(a);

- for having two false logs for September 24, 2008 (the first log shows leaving Los Angeles at 2p.m., the second log shows Los Angeles from 6pm to 8:30p.m. and the shipping information shows leaving Los Angeles at 6:45p.m.) in violation of 49 C.F.R. § 395.8(e);
- for having a false log for September 25, 2008 (the log shows arriving in Corning, California at 1:30p.m. but the ProMiles calculation shows approximate arrival time at 5:17a.m.) in violation of 49 C.F.R. § 395.8(e);
- because the driver on duty was under the influence of a narcotic drug which renders the driver incapable of safe operation in violation of 49 C.F.R. § 392.4(a);
- because the driver on duty was in possession of a narcotic duty in violation of 49 C.F.R. § 392.4(a);
- for having an air leak at emergency glad hand connection to the trailer in violation of 49 C.F.R. § 393.45(e); and
- failing to maintain control of his motor vehicle.

26.    Clarey is negligent *per se* based on these statutory and regulatory violations.

27.    Clarey's violations of state and federal statutes and regulations directly and proximately caused Mr. Linhart's death, pre-death pain and terror, and other damages to him and his estate described in this complaint.

### THIRD CAUSE OF ACTION
**Vicarious Liability**
*Defendants Forrest Rangeloff and the Range Entities*
*Defendants Eric Rangeloff and Seattle Transload*
*Defendants Browne and the I & J Entities*
*Defendant Heyl Truck*
*Defendant Nestle*

28.    Plaintiff incorporates all allegations and causes of action above into this cause of action by reference.

29.    At all relevant times, Clarey was the Defendants' agent, employee, servant, and/or independent contractor and was acting within the course and scope of his agency or employment, under the direct control of the Defendants.  On this basis, Defendants listed under this cause of action are vicariously liable for Clarey's negligence.

30.    In addition, at all relevant times, Forrest Rangeloff and/or the Range Entities acted under the control and influence of Defendants Heyl Truck, Nestle Waters, the I & J Entities

8

and/or Seattle Transload.  On this basis, these Defendants also are vicariously liable for the negligence of Forrest Rangeloff and/or the Range Entities.

31.     Irrespective of the employment or agency relationship, Defendants Heyl Truck, the I & J Entities, Seattle Transload and the Range Entities are each interstate motor carriers responsible for the acts of the defendant driver.

## FOURTH CAUSE OF ACTION
### Negligence/Wrongful Death
*Defendant Rangeloff and the Range Entities*

32.     Plaintiffs incorporate all allegations and causes of action above into this cause of action by reference.

33.     Rangeloff and the Range Entities had a duty to act reasonably in hiring, instructing, supervising and retaining Clarey, and to adopt and enforce policies, procedures, and rules to ensure that its drivers acted, and its vehicles were operated and maintained, safely.

34.     Rangeloff and the Range Entities breached these duties, and those breaches directly and proximately caused the damages described in causes of action above.

## FIFTH CAUSE OF ACTION
### Negligence *per se*
*Defendant Rangeloff and the Range Entities*

35.     Plaintiffs incorporate all allegations and causes of action above into this cause of action by reference.

36.     Rangeloff and the Range Entities Clarey violated numerous state and federal statutes and regulations including, but not limited to, ORS §§ 811.005-811.748, 49 U.S.C. §§ 14101 and 14704, and 49 CFR §§ 350-399.  Specific examples include

- failing to implement a random controlled substance testing program in violation of 49 CFR § 382.305;
- failing to provide to employees a written policy on misuse of alcohol and controlled substances, in violation of 49 CFR § 382.601(b);

- failing to ensure persons were designated to determine that drivers undergo reasonable suspicion testing and receive 60 minutes of training for risks of using a controlled substance, in violation of 49 CFR § 382.603;
- having a company operate a motor vehicle without having in effect the required minimum levels of financial responsibility coverage in violation of 49 CFR § 387.7(a);
- failing to make inquiry into the driving record of each driver through the appropriate state agencies in which the driver held a commercial motor vehicle operator's license at least once every 12 months, in violation of 49 CFR § 391.25(a);
- using a driver known to have tested positive for a controlled substance and known to have very recently (pre-collision) used a controlled substance, in violation of 49 CFR § 391.25(a);
- failing to implement a controlled substance testing program, in violation of 49 CFR § 382.115(a)/§ 382.115(b);
- aiding, abetting, or requiring a violation of the FMCSA regulations in violation of 49 CFR § 390.13;
- requiring or permitting the operation of a Commercial Motor Vehicle declared "out of service" before repairs were made, in violation of 49 CFR § 396.9(c)(2);
- violating the duty to not require or permit a driver to operate a motor vehicle while the driver's alertness is so impaired or is likely to become impaired through fatigue or other cause as to make it unsafe for the driver to begin or continue to operate a motor vehicle in violation of 49 CFR § 392.3; and
- failing to require drivers to not drive more than 11 consecutive hours nor drive more than 14 hours from last sleeping 10 hours as is required by the Federal Motor Carrier Safety Act in violation of 49 CFR § 395.3(a)(1) and 49 CFR § 395.3(a)(2).

37.    Rangeloff and the Range Entities' violations of state and federal statutes and regulations directly and proximately caused Mr. Linhart's death, pre-death pain and terror, and other damages to him and his estate described in this complaint.

38.    Rangeloff and the Range Entities are negligent *per se* based on these statutory and regulatory violations.

### SIXTH CAUSE OF ACTION
#### Negligence/Wrongful Death
*Defendants Browne and the I & J Entities*

39.    Plaintiffs incorporate all allegations and causes of action above into this cause of action by reference.

40.     Browne and the I & J Entities had a duty to act reasonably in hiring, entrusting, supervising and retaining Clarey and other Defendants to transport cargo from  Mira Loma, California to Portland, Oregon and to adopt and enforce policies, procedures, and rules to ensure that drivers and vehicles were reasonably safe.

41.     Browne and the I & J Entities breached these duties by, among other things, arranging for commercial transportation by an unsafe driver and motor carrier, and those breaches directly and proximately caused the damages described in causes of action above.

42.     In addition, especially as a sophisticated and knowledgeable motor carrier, joint venture, broker, shipper and/or freight forwarder, Browne and the I & J Entities knew, or should have known and should not have ignored, such facts and indications of Clarey's and the Range Entities' unfitness to operate safely and comply with the duties of an interstate commercial carrier.

**SEVENTH CAUSE OF ACTION**
**Negligence *per se***
*Defendants Browne and the I & J Entities*

43.     Plaintiffs incorporate all allegations and causes of action above into this cause of action by reference.

44.     Browne and the I & J Entities violated numerous state and federal statutes and regulations including, but not limited to, ORS §§ 811.005-811.748, 49 U.S.C. §§ 14101 and 14704, and 49 CFR §§ 350-399.

45.     Browne and the I & J Entities' violations of state and federal statutes and regulations directly and proximately caused Mr. Linhart's death, pre-death pain and terror, and other damages to him and his estate described in this complaint.

11

46. Browne and the I & J Entities are negligent *per se* based on these statutory and regulatory violations.

### EIGHTH CAUSE OF ACTION
#### Negligence/Wrongful Death
*Defendant Heyl Truck*

47. Plaintiff incorporates all allegations and causes of action above into this cause of action by reference.

48. Heyl Truck had a duty to act reasonably in hiring, entrusting, supervising and retaining Clarey and other Defendants to transport cargo in interstate commerce and to adopt and enforce policies, procedures, and rules to ensure that drivers and vehicles were reasonably safe.

49. Heyl Truck breached these duties by, among other things, arranging for commercial transportation by an unsafe driver and motor carrier, and those breaches directly and proximately caused the damages described in causes of action above.

50. In addition, especially as a sophisticated and knowledgeable motor carrier, joint venture, broker, shipper and/or freight forwarder, Heyl Truck knew, or should have known and should not have ignored, such facts and indications of Clarey's and the Range Entities' unfitness to operate safely and comply with the duties of an interstate commercial carrier.

### NINTH CAUSE OF ACTION
#### Negligence *per se*
*Defendant Heyl Truck*

51. Plaintiff incorporates all allegations and causes of action above into this cause of action by reference.

52. Heyl Truck violated numerous state and federal statutes and regulations including, but not limited to, ORS §§ 811.005-811.748, 49 U.S.C. §§ 14101 and 14704, and 49 CFR §§ 350-399.

12

53.     Heyl Truck's violations of state and federal statutes and regulations directly and proximately caused Mr. Linhart's death, pre-death pain and terror, and other damages to him and his estate described in this complaint.

54.     Heyl Truck is negligent *per se* based on these statutory and regulatory violations.

## TENTH CAUSE OF ACTION
### Negligence/Wrongful Death
*Defendants Eric Rangeloff and Seattle Transload*

55.     Plaintiff incorporates all allegations and causes of action above into this cause of action by reference.

56.     Eric Rangeloff and Seattle Transload had a duty to act reasonably in hiring, entrusting, supervising and retaining Clarey and other Defendants to transport cargo in interstate commerce and to adopt and enforce policies, procedures, and rules to ensure that drivers and vehicles were reasonably safe.

57.     Eric Rangeloff and Seattle Transload breached these duties by, among other things, arranging for commercial transportation by an unsafe driver and motor carrier, and those breaches directly and proximately caused the damages described in causes of action above.

58.     In addition, especially as a sophisticated and knowledgeable motor carrier, joint venture, broker, shipper and/or freight forwarder, Eric Rangeloff and Seattle Transload knew, or should have known and should not have ignored, such facts and indications of Clarey's and the Range Entities' unfitness to operate safely and comply with the duties of an interstate commercial carrier.

## ELEVENTH CAUSE OF ACTION
### Negligence *per se*
*Defendants Eric Rangeloff and Seattle Transload*

59.     Plaintiff incorporates all allegations and causes of action above into this cause of action by reference.

60.     Eric Rangeloff and Seattle Transload violated numerous state and federal statutes and regulations including, but not limited to, ORS §§ 811.005-811.748, 49 U.S.C. §§ 14101 and 14704, and 49 CFR §§ 350-399.

61.     Clarey's violations of state and federal statutes and regulations directly and proximately caused Mr. Linhart's death, pre-death pain and terror, and other damages to him and his estate described in this complaint.

62.     Eric Rangeloff and Seattle Transload are negligent *per se* based on these statutory and regulatory violations.

## TWELFTH CAUSE OF ACTION
### Negligence/Wrongful Death
*Defendant Nestle*

63.     Plaintiff incorporates all allegations and causes of action above into this cause of action by reference.

64.     Nestle Waters had a duty to act reasonably in hiring, entrusting, supervising and retaining Clarey and other Defendants to transport cargo in interstate commerce and to adopt and enforce policies, procedures, and rules to ensure that drivers and vehicles were reasonably safe.

14

65.     Nestle Waters breached these duties by, among other things, arranging for commercial transportation by an unsafe driver and motor carrier, and those breaches directly and proximately caused the damages described in causes of action above.

66.     In addition, especially as a sophisticated and knowledgeable motor carrier, joint venture, broker, shipper and/or freight forwarder, Nestle Waters knew, or should have known and should not have ignored, such facts and indications of Clarey's and the Range Entities' unfitness to operate safely and comply with the duties of an interstate commercial carrier.

## THIRTEENTH CAUSE OF ACTION
### Negligence *per se*
*Defendant Nestle*

67.     Plaintiff incorporates all allegations and causes of action above into this cause of action by reference.

68.     Nestle Water violated numerous state and federal statutes and regulations including, but not limited to, ORS §§ 811.005-811.748, 49 U.S.C. §§ 14101 and 14704, and 49 CFR §§ 350-399.

69.     Nestle Water's violations of state and federal statutes and regulations directly and proximately caused Mr. Linhart's death, pre-death pain and terror, and other damages to him and his estate described in this complaint.

70.     Nestle Waters is   negligent *per se* based on these statutory and regulatory violations.

## FOURTEENTH CAUSE OF ACTION
### Loss of Consortium
*All Defendants*

71.     Plaintiffs incorporate all allegations and causes of action above into this cause of action by reference.

15

72.    As a direct and proximate result of Defendants' negligence and recklessness, Mr. Linhart's estate, including his four children, have lost Mr. Linhart's substantial income and funeral, memorial and burial expenses, and suffered significant suffering and emotional trauma, including loss of the society, companionship and services of Mr. Linhart.

**FIFTEENTH CAUSE OF ACTION**
**Punitive Damages**
*All Defendants*

73.    Plaintiff incorporates all allegations and causes of action above into this cause of action by reference.

74.    Defendants' actions demonstrate a reckless and outrageous indifference to a highly unreasonable risk of harm in acting with conscious indifference to the safety of Mr. Linhart and the rest of the public.  Plaintiff demands punitive damages against the Defendants.

**A JURY TRIAL ON ALL CLAIMS IS DEMANDED.**

Respectfully submitted,

W. Wallace Ogdahl (OSB # 742386)
515 High Street, SE
PO Box 2248
Salem, OR 97308
(503) 399-9511
wogdahl@yahoo.com

*Attorney for Plaintiff*