IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

DANIELLE M. LINHART, as
Personal Representative of
the Estate of Kelly Jim
Linhart,

Civ. No. 10-3100-PA

**ORDER**

Plaintiff,

v.

HEYL LOGISTICS, LLC,
et al,

Defendants.

---

**PANNER, J.**

Plaintiff Danielle Linhart is the personal representative of Kelly Jim Linhart's estate. Defaulted defendant Daniel Clarey drove the truck that crashed into Kelly Linhart. Defendant Heyl Logistics brokered the load to dismissed defendant Forrest Rangeloff, who then sub-brokered the load to Clarey.

1 - ORDER

Heyl filed an amended answer raising a comparative fault defense. That defense is based in part on Heyl's third-party claims against Rangeloff. Plaintiff now moves for partial summary judgment. Plaintiff argues that Heyl's third-party claims against Forrest Rangeloff are barred by the statute of limitations. Plaintiff therefore seeks summary judgment against Heyl's Fourth Affirmative Defense as it relates to Forrest Rangeloff. For the reasons stated below, plaintiff's motion for partial summary judgment (# 172) is GRANTED.

**BACKGROUND**

On September 22, 2010, three days prior to the running of Oregon's two-year wrongful death statute of limitations, plaintiff filed the complaint. Plaintiff brought claims against numerous defendants, including Heyl Logistics, LLC, Heyl Truck Lines, INC., Daniel Clarey, Forrest Rangeloff, and others.

On Friday, November 11, 2011, less-than one month before trial, Heyl filed its Trial Brief. In that memorandum, Heyl stated its intention of asking the jury to allocate Forrest Rangeloff's fault. Oregon's comparative fault statutes allow a party to request the jury compare the fault of "any party against whom recovery is sought." ORS 31.600(2). At that time, plaintiff had multiple claims against Forrest Rangeloff and even though Rangeloff had yet to appear, he was a party "against whom recovery is sought." Heyl stated it would "submit an amended

2 - ORDER

answer to conform with the current status of the case."

The next day - a Saturday - plaintiff moved for a court order dismissing Rangeloff pursuant to Fed. R. Civ. P. 41(a)(2). On Monday morning, believing the motion was unopposed, I granted the motion. Because dismissing Rangeloff meant Rangeloff was no longer "a party against whom recovery is sought," defendants strongly opposed dismissing Rangeloff. Heyl moved to amend its answer to request the jury compare Rangeloff's fault (based on plaintiff's own allegations in the complaint). I immediately struck my order dismissing Rangeloff and set oral argument on plaintiff's motion to dismiss Rangeloff and Heyl's motion to amend its answer.

One week later, while awaiting oral argument on the motions, plaintiff voluntarily dismissed Rangeloff pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). Rule 41(a)(1)(A)(i) allows a plaintiff to dismiss without a court order any defendant who has yet to serve an answer or a motion for summary judgment. As noted above, Rangeloff never appeared and I previously entered an order of default against him.

At oral argument, plaintiff argued that any third party claims against Rangeloff would be barred by the statute of limitations. ORS 31.600(2) states "there shall be no comparison of fault with any person: (a) Who is immune from liability to the claimant; (b) Who is not subject to the jurisdiction of the

3   - ORDER

court; or (c) Who is not subject to action because the claim is barred by a statute of limitation or a statute of ultimate repose." Therefore, plaintiff argued the jury could no longer compare Rangeloff's fault. Plaintiff argued Heyl was limited to seeking contribution from Rangeloff after any judgment in this matter.

Plaintiff also unilaterally rescinded its settlement offer with another party, Ronald Browne dba I&J Transportation Systems. Because Heyl was informed Browne had settled with plaintiff, Heyl did not oppose plaintiff's prior request for leave to dismiss Browne (who had filed an answer). When plaintiff found out Heyl would ask the jury to compare Browne's fault (as a settled party under ORS 31.600(2)), Heyl unilaterally rescinded the settlement. As the check was literally in the mail, plaintiff stated it would not settle with Browne.

At the conclusion of oral argument, I allowed Heyl to file a third party complaint.[1] I stated:

> In light of the plaintiff's voluntary dismissal of Forrest Rangeloff and plaintiff's attempt at rescission of a purported settlement with Ron Browne, both of which occurred while the parties awaited oral argument on Heyl's request for relief to file an amended answer, I grant Heyl's motion to continue the trial and the pretrial conference and allow them to file a third-party complaint.
>
> The plaintiff's actions taken after the submission of the pretrial documents, on the eve of the pretrial

---

[1] I also allowed Heyl to file an amended answer.

4 - ORDER

>   conference and subsequent to trial, completely altered
>   the complexion of the case. I do not place any blame on
>   the plaintiff or on the defendants. I think that either
>   the plaintiff or the defendants could have avoided this
>   matter by earlier action, the defendants by bringing
>   the third-party complaint much earlier in the game, the
>   plaintiff by either filing a dismissal earlier or not
>   filing it at all.

(Transcript of December 6, 2011 Oral Argument at 35-36.) I also stated, "Plaintiff undoubtedly will have a motion about the statute of limitations. We'll deal with that as we come to it."[2] (Id. at 42-43.) Plaintiff's then moved for summary judgment on the statute of limitations issue.

## STANDARDS

The court must grant summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

## DISCUSSION

The Oregon comparative fault statute says "Except for persons who have settled with the claimant, there shall be no comparison of fault with any person . . . (c) who is not subject to action because the claim is barred by a statute of limitation

---

[2] As discussed below, I also concluded, as a matter of law, that Heyl was not a motor carrier.

5  - ORDER

or a statue of repose." ORS 31.600(2)(c). Heyl does not dispute that it filed its third party claims against Rangeloff more than two years after learning of the claims. Heyl also makes no argument that its claims somehow relate back to a date prior to the running of the statute of limitations. Instead, Heyl argues two exceptions found in the statutes allow its claims against Rangeloff.

First, Heyl argues, "the Court may properly determine that, at the time of Plaintiff's voluntary dismissal, her claims against Rangeloff were not 'barred,' and that Rangeloff was 'subject to action' at the relevant time under ORS 31.600(2)(c)." As noted, ORS31.600(2)(C) states there shall be no comparison of fault with any person "Who is not subject to action because **the** claim is barred by a statute of limitation . . . ." (Emphasis added.) The problem with Heyl's argument is that its cross claim against Rangeloff is barred by the statute of limitations. Although plaintiff's earlier claims against Rangeloff were not barred by the statute of limitations, plaintiff voluntarily dismissed those claims. The relevant claims now are Heyl's own claims against Rangeloff. Although Heyl's own claims are based on the same factual allegations as plaintiff's prior claims, they are different claims. Based on the information before me, "the" claims - Heyl's own claims - are barred by the statute of limitations.

6  - ORDER

Heyl's second argument is that Oregon's contribution statutes provide an exception allowing the jury to compare Rangeloff's fault based on Heyl's otherwise time-barred claims. ORS 31.810(5) states:

> The running of the statute of limitations applicable to a claimant's right of recovery against a tortfeasor shall not operate to bar recovery of contribution against the tortfeasor or the claimant's right of recovery against a tortfeasor specified in ORS 31.600(2) who has been made a party by another tortfeasor.

ORS 31.810(5), however, is not applicable here. ORS 31.810(5) allows recovery of contribution in certain situations where the statute of limitations has tolled. ORS 31.810(5) does not eliminate the statute of limitations on Heyl's third-party claims at issue here. The statute simply allows an action for contribution even though the statute of limitations has run.

Heyl also makes a public policy argument. Heyl argues plaintiff is attempting to turn the statute on its head. Heyl argues that although the statute is meant to protect the plaintiff, it is not meant to allow a plaintiff to game the system by dismissing a party so late in the game with the sole objective of prohibiting the jury from comparing the fault of an obviously culpable party. While Heyl's argument carries some weight, I note that Heyl had over one-year to file an amended answer and a third-party complaint against Rangeloff. While the rules will not normally permit a plaintiff to dismiss a party

7 - ORDER

"against whom recovery is sought" so soon before trial, and while such a dismissal may drastically alter the complexion of the case, the rules allowed plaintiff to dismiss Rangeloff in this instance.

For the reasons stated above, plaintiff's motion for partial summary judgment is granted as to Heyl's claims against Forrest Rangeloff. Heyl will not be permitted to have the jury compare Rangeloff's fault. I also grant plaintiff's motion for summary judgment as to Heyl's second affirmative defense of Another Action Pending. The pending state action has been dismissed and plaintiff's motion is unopposed. Any argument as to the admissibility of the state court pleadings will be dealt with via motions in limine.

Finally, at the December 6, 2011 hearing, I ruled Heyl is not a motor carrier. Based on the pretrial submissions, it appears there is some confusion as to the extent of my ruling. Citing <u>Schramm v. Foster</u>, 341 F.Supp.2d 536, (D. Md. 2004), I ruled Heyl was the "broker" of the load, and not the "carrier". In other words, Heyl is not the statutory employer of either Daniel Clarey or Forrest Rangeloff. I did not rule on whether Heyl may be vicariously liable for Clarey or Rangeloff's actions.

I hope my ruling streamlines the issues at trial. As noted by plaintiff's attorney at the December 6, 2011 hearing, "what it comes down to is did Heyl - were they negligent when they hired a

subcarrier without federal operating authority and without insurance and without checking the safety ranking? That's what this trial comes down to . . . ." (Transcript, 14-15.)

## CONCLUSION

Plainitff's motion for partial summary judgment as to Heyl's claims against Forrest Rangeloff is granted. The jury may not allocate any percentage of fault to Forrest Rangeloff. Plaintiff's motion for summary judgment on Heyl's Second Affirmative Defense is granted.

IT IS SO ORDERED.

DATED this ___/___ day of February, 2012.

*/s/ Owen M. Panner*

OWEN M. PANNER
U.S. DISTRICT JUDGE

9 - ORDER